Louis Pechman, Esq.
Yesenia Francisco, Esq.
Berke-Weiss & Pechman LLP
488 Madison Avenue, 11th Floor
New York, New York 10022
pechman@bwp-law.com
francisco@bwp-law.com
(212) 583-9500

JUDGE ABRAMS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

RECEIVED
SEP 18 2014
U.S.D.C. S.D. N.Y.

JOSE PEREZ, on behalf of himself and all others
similarly situated,

                                   Plaintiff,

           -against-

D & D'S IMPRESSIVE AUTO COLLISION INC.,
DANIEL STEININGER, and DOMENICK GENISE,

                                 Defendants.
------------------------------------------------------X

COMPLAINT

COLLECTIVE ACTION

ECF CASE

Plaintiff Jose Perez ("plaintiff" or "Perez"), by his attorneys, Berke-Weiss & Pechman LLP, complaining of defendants D & D's Impressive Auto Collision Inc. ("D & D's"), Daniel Steininger ("Steininger"), and Domenick Genise ("Genise") (collectively referred to herein as "defendants"), alleges:

## NATURE OF THE ACTION

1.      This action arises out of defendants' failure to pay overtime pay and other monies as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law § 190 *et seq.* ("NYLL").

2.      Plaintiff seeks injunctive and declaratory relief against defendants' unlawful actions, compensation for unpaid overtime, liquidated damages, pre-judgment and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and the NYLL.

## JURISDICTION

3.      This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4.      Venue is proper in the Southern District of New York under 28 U.S.C. § 1391 as D & D's is located in the Southern District of New York.

## THE PARTIES

**Plaintiff**

5.      Perez resides in Bronx, New York.  He worked as a painter for D & D's from December 2012 to July 2014.

**Defendants**

6.      Defendant D & D's Impressive Auto Collision Inc. is a New York corporation that owns and operates an automotive mechanical and electrical repair shop located at 334 East 126th Street, New York, New York, 10035.

7.      Defendant D & D's is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.  D & D's has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

8.      Defendant Daniel Steininger is the principal owner and Chief Executive Officer of D & D's, and is sued individually in his capacity as an owner, officer and/or agent of D & D's.  Steininger exercises sufficient control over D & D's operations to be considered plaintiff's employer under the FLSA and NYLL, and at all times material

2

herein exercised his authority to hire and fire employees, and established and exercised authority regarding the pay practices at D & D's.

9.    Defendant Domenick Genise is an owner and manager of D & D's, and is sued individually in his capacity as an owner, officer and/or agent of D & D's. Genise exercises sufficient control over D & D's operations to be considered plaintiff's employer under the FLSA and NYLL, and at all times material herein exercised his authority to hire and fire employees, and established and exercised authority regarding the pay practices at D & D's.

## COLLECTIVE ACTION ALLEGATIONS

10.    The claims in this Complaint arising out of the FLSA are brought by plaintiff on behalf of himself and similarly situated persons who were employed since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

11.    The FLSA Collective consists of approximately twenty similarly situated current and former non-exempt employees of D & D's, including painters, mechanics, preppers, detailmen, plasticmen, chassis-machine men, truck drivers and cleaners, who have been victims of defendants' common policy and practices that have violated their rights under the FLSA by, inter alia, wilfully denying them overtime wages and other pay.

12.    As part of its regular business practice, defendants have intentionally, willfully, and repeatedly harmed plaintiff and the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice includes, *inter alia*, the following:

   a.    failing to keep accurate records of hours worked by employees as required by the FLSA and the NYLL; and

3

     b.   failing to pay employees the applicable overtime rate for all time worked in excess of forty hours per week.

13.    Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

14.    Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant damages to plaintiff and the FLSA Collective.

15.    The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to D & D's, are readily identifiable, and locatable through D & D's records.  These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

## FAILURE TO PAY OVERTIME FOR ALL
## WEEKLY HOURS WORKED OVER FORTY

16.    Perez worked as a painter for defendants from December 2012 to July 2014.

17.    Perez was a non-exempt employee under the FLSA and NYLL.

18.    The FLSA and NYLL require that employers pay employees one and one half (1½) times their regular rate of pay for all hours worked in excess of forty during any workweek, unless they are exempt from coverage.

19.    Perez's duties included, but were not limited to, making cosmetic repairs to vehicles and repainting them.

20.    Perez and the FLSA Collective regularly worked over forty hours per week but did not receive overtime pay.

21.    Instead, Perez and the FLSA Collective received a fixed weekly salary for all hours worked.

22.     Throughout his employment at D & D's, Perez regularly worked six days per week.

23.     Prior to April 2014, Perez's work schedule was Monday through Friday, from 7:00 a.m. to 7:00 p.m., and Saturdays, from 7:00 a.m. to 3:00 p.m.  However, Perez was typically required to work beyond his scheduled hours, often working until midnight on weekdays, and until 5:00 p.m. on Saturdays.

24.     In April 2014, defendants changed Perez's schedule so that he worked Monday through Friday, from 4:00 a.m. to 2:00 p.m., for a total of fifty hours per week.

25.     Throughout his employment, Perez was given a half-hour lunch break.

26.     Despite regularly working fifty to eighty hours per week, defendants always paid Perez a fixed weekly salary of $650.00 for all hours worked.

27.     Defendants willfully and intentionally failed to compensate plaintiff and the FLSA Collective at one and one-half times (1 ½) their regular rate of pay for hours worked over forty in violation of the FLSA and the NYLL.

28.     The exact accounting of the overtime wages owed to Perez and the FLSA Collective can only be determined upon completion of discovery.

### VIOLATIONS OF THE WAGE
### THEFT PREVENTION ACT

29.     The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates at the time of hire and also on or before February 1st of each subsequent year of employment, and with an accompanying wage statement each time employees are paid.

30.     Defendants paid plaintiff and the FLSA Collective without providing any wage statement listing: the overtime rate or rates of pay; the number of regular hours

worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

31.     Plaintiff and the FLSA Collective were never given a notice, either at the time of hire or on or before February 1st of each subsequent year of employment, as required by Section 195 of the New York Labor Law, containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

### FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

32.     Plaintiff repeats and realleges paragraphs 1 through 31 as if fully set forth herein.

33.     Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a), and employed plaintiff and the FLSA Collective.

34.     Defendants were required to pay plaintiff and the FLSA Collective no less than one and one-half (1½) times the regular rate of pay for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq*.

35.     Defendants have failed to pay plaintiff and members of the FLSA Collective the overtime wages to which they are entitled under the FLSA.

6

36.     Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay plaintiff and members of the FLSA Collective overtime wages.

37.     Due to defendants' violations of the FLSA, plaintiff and members of the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## SECOND CLAIM
### (New York Labor Law – Unpaid Overtime)

38.     Plaintiff repeats and realleges paragraphs 1 through 37 as if fully set forth herein.

39.     Defendants are employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations, and employed plaintiff.

40.     Under the NYLL and supporting New York State Department of Labor Regulations, defendants were required to pay plaintiffs and the FLSA Collective one and one (1½) half times the regular rate of pay for all hours they worked in excess of forty.

41.     Defendants have failed to pay plaintiff and members of the FLSA Collective the overtime wages to which they were entitled under the NYLL.

42.     Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay plaintiff and members of the FLSA Collective overtime wages.

43.     Due to defendants' willful violations of the NYLL, plaintiff and members of the FLSA Collective are entitled to recover their unpaid overtime wages, reasonable

7

attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

**THIRD CLAIM**
**(New York Labor Law – Wage Theft Prevention Act)**

44.     Plaintiff repeats and realleges paragraphs 1 through 43 as if fully set forth herein.

45.     Defendants failed to furnish to plaintiff and the FLSA Collective a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191, and anything otherwise required by law; in violation of NYLL § 195(1).

46.     Due to defendants' violation of NYLL § 195(1), plaintiff and the FLSA Collective are entitled to recover from the defendants liquidated damages of $50.00 per workweek that the violation occurred, up to a maximum of $2,500.00, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to NYLL § 198(1-b).

47.     Defendants failed to furnish to plaintiff and the FLSA Collective, with each wage payment, a statement listing: rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

8

48.     Due to defendants' violation of the NYLL, § 195(3), plaintiff and the FLSA Collective are entitled to recover from defendants liquidated damages of $100.00 per workweek.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully request that this Court enter a judgment:

a.     authorizing the issuance of notice at the earliest possible time to all D & D's similarly situated employees who were employed by defendants during the three years immediately preceding the filing of this action.  This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

b.     declaring that defendants have violated the overtime provisions of the FLSA and the NYLL;

c.     declaring that defendants' violations of the FLSA and the NYLL were willful;

d.     declaring that defendants have violated the Wage Theft Prevention Act;

e.     enjoining future violations of the FLSA and the NYLL;

f.     awarding plaintiff and the FLSA Collective damages for unpaid overtime wages;

g.     awarding plaintiff and the FLSA Collective liquidated damages as a result of defendants' failure to furnish wage statements and annual notices pursuant to the NYLL;

h.     awarding plaintiff and the FLSA Collective liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA;

9

       i.     awarding plaintiff and the FLSA Collective liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the NYLL;

       j.     awarding plaintiff and the FLSA Collective pre-judgment interest and post-judgment under the FLSA and the NYLL;

       k.     awarding plaintiff and the FLSA Collective reasonable attorneys fees' and costs pursuant the FLSA and the NYLL; and

       l.     awarding such other and further relief as the Court deems just and proper.

Dated:  New York, New York
       September 18, 2014

                         BERKE-WEISS & PECHMAN LLP

                         By:

                         Louis Pechman
                         Yesenia Francisco
                         488 Madison Avenue - 11th Floor
                         New York, New York 10022
                         pechman@bwp-law.com
                         francisco@bwp-law.com
                         (212) 583-9500